19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. GANDEE and Terry R. Seese, Plaintiffs-Appellees,
v.
Robert G. GLASER, et al., Defendants-Appellants.
 No. 92-3304.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1994.
 
 1
 Before: KEITH and KENNEDY, Circuit Judges; and JORDAN, District Judge.*
 
 
 2
 Plaintiffs-Appellants, Robert J. Gandee and Terry R. Seese, appeal the district court's determination that Chapter 4753 of the Ohio Revised Code does not violate the First or Fourteenth Amendments to the United States Constitution.
 
 
 3
 Appellants are two hearing aid dealers and fitters licensed under Ohio Revised Code Chapter 4747. Defendants-Appellees are members of the Ohio Board of Speech Pathology and Audiology, which licenses and regulates the professions of speech pathology and audiology in Ohio, pursuant to Chapter 4753 of the Ohio Revised Code.
 
 
 4
 Ohio's requirements for licensure as a hearing aid dealer and fitter are less demanding than those for licensure to practice audiology. Those not licensed as "audiologists" are prohibited from the practice of audiology, (Sec. 4753.02) using the title "audiologist," or using any description tending to suggest such.
 
 
 5
 In 1986, the Ohio Board of Speech Pathology and Audiology informally advised hearing aid dealers and fitters who described themselves as "audiologists" in advertisements to discontinue the practice. Appellant Gandee, a licensed hearing aid dealer and fitter who had held himself out as a "Certified Hearing Aid Audiologist" in local newspapers, yellowpages and trade brochures, received a letter warning him that legal action would be brought against him if he continued to use the title "audiologist."
 
 
 6
 On July 18, 1988, Appellants filed a complaint in the United States District Court for the Southern District of Ohio alleging that Appellees' enforcement of Chapter 4753 of the Ohio Revised Code unconstitutionally abridged their freedom of speech under the First Amendment, their rights to due process and equal protection under the Fourteenth Amendment, and their civil rights guaranteed by 42 U.S.C. Sec. 1983.
 
 
 7
 The district court ruled that the speech at issue was materially deceptive commercial speech which could be regulated without constitutional violation. The court dismissed the case in its entirety. This appeal followed.
 
 
 8
 Having carefully considered the record and issues presented in the briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the decision of the Honorable Joseph P. Kinneary, United States District Judge for the Southern District of Ohio, for the reasons stated in his February 24, 1992 Opinion and Order. Gandee v. Glaser, 785 F.Supp. 684 (S.D.Ohio 1992).
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation